UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN THE MATTER OF THE
EXTRADITION OF JAROMIR PROKOP

CASE NO. MJ20-154-BAT

**ORDER DENYING MOTION TO STAY CERTIFICATION**

On September 8, 2020 the Court certified the extraditability of Jamomir Prokop under 18 U.S.C. § 3184. Dkt. 30.  On October 8, 2020 Mr. Prokop moved the Court to stay extradition until the Secretary of State adjudicates his Convention Against Torture (CAT) claim which Congress implemented as part of the Foreign Affairs Reform and Restructuring Act of 1998 (FARRA). 8 U.S.C. § 1231. Dkt. 31.

As Mr. Prokop acknowledges, the only available avenue to challenge the Court's certification is through a habeas petition. However, habeas review of the certification is limited to whether: (1) the Court had jurisdiction over Mr. Prokop, (2) the extradition treaty was in force and Mr. Prokop's alleged offense fell within the treaty's terms, and (3) there is competent evidence supporting the Court's probable cause determination. *See Santos v. Thomas*, 830 F.3d 987 (9th Cir. 2016). Mr. Prokop does not challenge the Court's certification of extraditability.

ORDER DENYING MOTION TO STAY
CERTIFICATION - 1

1   There is thus no basis for the Court to stay the certification issued herein. Rather Mr. Prokop

2   seeks a stay of the certification so he can litigate a FARRA claim. However, the FARRA statute

3   requires "the appropriate agencies . . . to implement the obligations of the United States under

4   Article 3 of the United Nations Convention Against Torture."  8 U.S.C. § 1231. The appropriate

5   agency is the Department of State which has adopted regulations specifying "[i]n each case

6   where allegations relating to torture are made . . . , appropriate policy and legal offices review

7   and analyze information relevant to the case in preparing a recommendation to the Secretary as

8   to whether or not to sign the surrender warrant." 22 C.F.R. § 95.3(a). An extraditee may be

9   surrendered only after the Secretary makes a determination regarding possible torture. *Id*. § 95.2–

10  3.

11          Hence, Mr. Prokop's wish to litigate a FARRA claim before he may be extradited is a

12  matter he must present to the Secretary of State. Mr. Prokop acknowledges this as he avers he

13  has already raised the FARRA claim with the Department of State; the Office of the Legal

14  Adviser at the Department of State acknowledged it takes FARRA claims seriously; and the

15  Office provided Mr. Prokop directions about how to present the claim to them so that they can

16  review and evaluate it. Counsel further averred the Office clearly indicated if Mr. Prokop needed

17  additional time to prepare his FARRA claim for their review they would give him additional

18  time.

19          The Court accordingly DENIES the motion to stay the certification of extraditabilty. Dkt.

20  31.

21          DATED this 15th day of October, 2020.

22

23                                                  _____
                                                    BRIAN A. TSUCHIDA
                                                    Chief United States Magistrate Judge